UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

A.M. LUKAS,

Plaintiff,

-against-

NUNO LOPES,

Defendant.

**MEMORANDUM & ORDER**
23-CV-8614 (NRM) (JAM)

**NINA R. MORRISON**, United States District Judge:

Plaintiff A.M. Lukas ("Plaintiff") sought leave to amend her complaint on April 21, 2026, in order to include a claim under the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), N.Y.C. Admin. Code § 10-1101 *et seq.*[1] Magistrate Judge Joseph A. Marutollo denied the motion for leave on May 29, 2026, finding that Plaintiff lacked good cause to file an amended complaint nearly two years after the deadline previously set by the Court for the parties to amend their pleadings, over a year after the close of discovery, and after the parties had already filed their Joint Pretrial Order ("JPTO").

Now before the Court are Plaintiff's objections to Magistrate Judge Marutollo's order. For the reasons discussed below, the Court finds that Plaintiff's objections are

[1] In prior filings in this matter, Plaintiff's counsel has indicated that Plaintiff identifies as non-binary and uses she/they pronouns. In this Order the Court will refer to Plaintiff as "she," consistent with Plaintiff's counsel's usage in the objections to the Magistrate Judge's order at issue here.

without merit, and Magistrate Judge Marutollo's decision to deny leave to amend is affirmed in its entirety.

## PROCEDURAL HISTORY

On November 20, 2023, Plaintiff filed a complaint under New York State's Adult Survivors Act ("ASA"), N.Y.C.P.L.R. § 214-j, seeking to hold Defendant liable for a sexual battery that she alleges occurred on April 28, 2006. *See generally* Compl., ECF No. 1. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. After an initial conference on August 5, 2024, Magistrate Judge Joseph A. Marutollo issued a scheduling order which provided, *inter alia*, that no amendment of the pleadings would be permitted after September 6, 2024, and that discovery would close on February 7, 2025. Min. Entry dated Aug. 5, 2024. Judge Marutollo also specified that "[n]o extension of the above deadlines [would] be granted except upon a motion, filed prior to the deadline and consistent with Judge Marutollo's Individual Practices and Rules, showing good cause for the extension," where "good cause depends on the diligence of the moving party." *Id.* (citation modified). On May 14, 2025, Judge Marutollo amended the aforementioned schedule such that discovery, including expert discovery, would be completed by June 18, 2025. Dkt. Order dated May 14, 2025.

Discovery was certified as closed on June 18, 2025, and on June 25, 2025, Defendant filed a motion for a pre motion conference ("PMC") in anticipation of a motion for summary judgment. ECF No. 40. Plaintiff responded on July 11, 2025. ECF No. 44. The Court conditionally denied summary judgment after a PMC held

on January 9, 2026. *See* Min. Entry dated Jan. 9, 2026. The Court gave Defendant leave to file a supplemental brief asking the Court to reconsider its conditional ruling denying summary judgment; Defendant did so, and the Court reaffirmed its original conclusion that summary judgment was inappropriate and that Plaintiff's claims should proceed to trial. Dkt. Order dated Feb. 5, 2026.

After the PMC, the Court issued a Scheduling Order dated February 5, 2026, directing the parties to file a joint proposed pretrial order ("JPTO") by April 6, 2026, and motions *in limine* — including *Daubert* motions — by May 6, 2026. Scheduling Order dated Feb. 5, 2026. On March 31, 2026, the parties jointly sought an extension to the Scheduling Order, which the Court granted, extending the JPTO and motions *in limine* deadlines to April 20, 2026, and May 20, 2026, respectively.

On April 21, 2026 — one day after the parties filed their proposed JPTO — Plaintiff filed a letter motion for leave to file an amended complaint, seeking to add a new claim for relief under the VGMVPL. ECF No. 53. Defendant responded in opposition on April 28, 2026. ECF No. 54. After hearing oral argument on May 21, 2026, Judge Marutollo denied Plaintiff's motion by written docket order. *See* Dkt. Order dated May 29, 2026.

Pursuant to Fed. R. Civ. P. 72(a), Plaintiff now objects to Magistrate Judge Marutollo's ruling, arguing that his decision should be treated as a ruling on a dispositive matter (and thus, reviewed *de novo*); that the VGMVPL created a new cause of action not previously available to her; that she was diligent in seeking amendment; and that judicial economy is served by amendment. *See generally* Pl.'s

Objs. to the Magistrate Judge's R&R ("Pl.'s 72(a) Objs."), ECF No. 59. Defendant argues that Magistrate Judge Marutollo's decision should be reviewed and affirmed under the Fed. R. Civ. P. 72(a) "clearly erroneous" standard for non-dispositive matters, and that Plaintiff has not shown good cause for seeking to amend her complaint to add a new claim under the VGMVPL at this late stage of the litigation. *See generally* Def. Nuno Lopes's Mem. of L. in Opp'n to Pl.'s Objs. to Magistrate Judge's Order Den. Leave to File Am. Compl. ("Def.'s Opp'n to 72(a) Objs."), ECF No. 60.

## <u>LEGAL STANDARD</u>

### I. Standard of Review

When a magistrate judge issues an order on a non-dispositive matter, it shall remain undisturbed unless "the order [] is clearly erroneous or [] contrary to law." *See* Fed. R. Civ. P. 72(a). For dispositive matters — following a recommended disposition by the magistrate judge — "[t]he district judge must [evaluate] *de no*vo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

As both parties note, courts have reached differing conclusions regarding whether a motion to amend is dispositive or not. *See Lubavitch of Old Westbury, Inc. v. Inc. Vill. of Old Westbury*, No. 08-CV-5081 (DRH) (ARL), 2021 WL 4472852, at *8–9 (E.D.N.Y. Sep. 30, 2021). Some courts have held that motions to amend are non-dispositive matters that should be reviewed for clear error. *Media Glow Digit., LLC v. Panasonic Corp. of N. Am.*, No. 16-CV-7907 (PGG), 2020 WL 3483632, at *3 (S.D.N.Y.

June 26, 2020); *Samad Bros. v. Bokara Rug Co.*, No. 09 CIV. 5843 (JFK), 2010 WL 5094634, at *3–4 (S.D.N.Y. Dec. 13, 2010) (reviewing the magistrate judge's denial of motion to amend for clear error as a non-dispositive pretrial order). Other courts have suggested that the denial of a motion to amend is dispositive whereas granting a motion to amend is non-dispositive. *Portelos v. City of New York*, No. 12-CV-3141 (RRM) (VMS), 2015 WL 5475494, at *1 (E.D.N.Y. Sep. 15, 2015). However, courts that have reviewed orders denying motions to amend under a *de novo* standard of review have largely done so where a magistrate judge's denial of the motion was premised on a finding that amendment would be futile. *See, e.g., Thomas v. ConAgra Foods, Inc.*, No. 20-CV-06239 (EAW) (MJP), 2022 WL 3699408, at *2 (W.D.N.Y. Aug. 26, 2022); *Pusey v. Delta Airlines, Inc.*, No. 09-CV-4084 (ENV) (JO), 2011 WL 1215081, at *1–2 (E.D.N.Y. Mar. 30, 2011); *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 321–22 (S.D.N.Y. 1999).

Here, Plaintiff's motion to amend was denied on the ground that she failed to exercise due diligence by not seeking leave to amend to add her proposed new claim earlier in the litigation, rather than on futility grounds, *see* Min. Entry dated May 29, 2026. While not foreclosing the possibility that in some cases, it might be appropriate to review a magistrate judge's denial of a motion to amend *de novo* even where the magistrate judge did not find that amendment would be futile, the Court will follow the majority approach and review the denial of the motion under the clear error standard. *See* Fed. R. Civ. P. 72(a).

## II. Standards Governing Motions for Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, a party may timely amend its pleading once as a matter of course, and thereafter "only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a) (stating that "[t]he court should freely give leave when justice so requires"). However, under Rule 16, a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The Second Circuit, along with "[s]everal [other] circuits," has held that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (noting that disregarding Rule 16(b) in favor of Rule 15(a) would render scheduling orders meaningless); *see Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021); *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009). In *Parker,* the Court further held that "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." 204 F.3d at 340.

"Whether good cause exists under Rule 16(b) turns on the 'diligence of the moving party.'" *Sanossian v. Valley Stream Cent. High Sch. Dist.*, No. 16-CV-4697 (JMA) (AKT), 2020 WL 6385602, at *5 (E.D.N.Y. Oct. 29, 2020) (quoting *Parker*, 204 F.3d at 340)); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). "In other words, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sanossian*, 2020 WL 6385602 at *5

(quoting *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05-CV-3749, 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009)). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Id.* (citation omitted).

**<u>DISCUSSION</u>**

Plaintiff's motion for leave to amend comes in the wake of two recent amendments to New York City law. First, on January 9, 2022, the New York City Council amended the VGMVPL to provide an expanded statute of limitations for certain plaintiffs to bring a civil action against persons whom they allege to have committed "a crime of violence motivated by gender" against them. N.Y.C. Admin. Code § 10-1104. Specifically, the new law allowed plaintiffs to revive and file previously time-barred claims (*i.e.*, those that occurred prior to the amendment date), between March 1, 2023 and March 1, 2025. *See* N.Y.C. Admin. Code § 10-1105. Then, in January 2026, the City Council amended the statute again to add § 10-1104.1, which established an eighteen-month claim revival period that allowed certain plaintiffs with pending litigation to "amend or refile" VGMVPL claims, beginning on January 29, 2026. N.Y.C. Admin. Code § 10-1104.1(c) ("Any person who brought a claim or cause of action on or after March 1, 2023 but on or before March 1, 2025 that would satisfy the requirements of this section may amend or refile such claim or cause of action to add a cause of action pursuant to this section.").

There is no question that Plaintiff is, in theory, within the class of persons whom the New York City Council intended to benefit from the January 2026

amendments to the VGMVPL. She originally filed her complaint on November 20, 2024 — within the March 1, 2023 through March 1, 2025 original filing period set forth in § 10-1104.1(c) — and she sought leave to amend just under four months after the eighteen-month claim revival period of the new VGMVPL went into effect. But the question of whether Plaintiff is entitled to amend her complaint does not end there. Since Plaintiff's motion for leave was filed long after the Court's deadline for parties to amend their pleadings had expired (and, indeed, when the case was nearly trial-ready), she must also show good cause for failure to do so earlier.

There are at least two reasons why this Court finds no error in Magistrate Judge Marutollo's conclusion that Plaintiff has not satisfied Rule 16(b)'s "good cause" standard here. First, while it is true that the specific subsection of the VGMVPL on which Plaintiff seeks to base her new cause of action went into effect in January 2026 (*i.e.*, after the Court's deadline to amend the complaint had passed), Plaintiff could have brought a substantively identical VGMVPL claim in her original complaint, or at any point before the deadline to file an amended pleading on September 6, 2024, *i.e.*, she could have done so under the expanded VGMVPL statute of limitations already in effect by reason of the 2022 amendment. The text of the 2022 and 2026 amendments to the VGMVPL each permit causes of action to be brought to vindicate the exact same alleged harms — *i.e.*, by persons "claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender" — and similarly permit such plaintiffs to seek the exact same forms of monetary damages, declaratory relief, and injunctive relief.

The only difference between the two provisions is that the January 2026 amendments codified in § 10-1104.1(c) provide for an additional eighteen-month claim revival period for certain plaintiffs, and further allowed those who had brought related litigation between March 2023 and March 2025 to "amend or refile" their complaints to include a VGMVPL claim. *See* N.Y.C. Admin. Code §§ 10-1104.1, 10-1105. This Court agrees with Judge Marutollo that ultimately, "[t]he only differences between the two relevant VGMVPL provisions relates to timeliness. The relevant language is otherwise the same . . . ." Min. Entry dated May 29, 2026.

For this reason, Plaintiff's contention that the January 2026 amendments created "an entirely new cause of action" that she could not have brought earlier in the litigation, Pl.'s 72(a) Objs. at 5, is unavailing. She relies on *Tantaros v. Fox News Network, LLC*, which stated that § 10-1104.1 "provid[ed] a cause of action for claims based on crimes of violence motivated by gender which occurred prior to January 9, 2022." No. 25-CV-1675 (SHS), 2026 WL 852744, at *3 (S.D.N.Y. Mar. 27, 2026). The 2026 amendment indeed provided a cause of action for such crimes — but so did the 2022 amendment. More importantly, however, the *Tantaros* court correctly describes the 2026 amendment as providing grounds for "an identical claim" as was available under the 2022 amendment. *See id.* at *4. Yet Plaintiff chose not to include a VGMVPL claim in her complaint when she filed it in November 2023, nor at any time within the period for amendments as of right set forth in the Magistrate Judge's scheduling order. That does not reflect the due diligence required by Rule 16. *See Callahan*, 96 F.4th at 370–71 ("Because plaintiffs sought long after this litigation

commenced to amend their complaint to add a claim that was available at the beginning of it, we agree with the district court that they did not move with the diligence needed to satisfy the good cause standard of Rule 16(b).”); *Rent-A-Ctr., Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (finding no diligence when defendants filed a motion to amend four months after the scheduling order deadline); *iMedicor, Inc v. Access Pharms., Inc.*, 290 F.R.D. 50, 52 (S.D.N.Y. 2013) (noting that plaintiff failed to demonstrate that it was diligent in trying to meet the Court's deadlines when plaintiff waited sixteen months after the scheduling order deadline).

Second, the Court is troubled by the fact that Plaintiff not only waited more than ten months after the close of discovery to try and add a VGMVPL claim to her complaint — she also waited to do so until nearly four months *after* the January 2026 amendments to the VGMVPL went into effect. Thus, even assuming *arguendo* that Plaintiff’s counsel reasonably believed that the January 2026 amendments to the law created a new cause of action that was not previously available to her, counsel fails to explain why they waited as long as they did to file their motion for leave. What is significant here is not merely the length of time that Plaintiff waited to file that motion, but the status of the litigation during that period. For not only had this Court already denied Defendant’s motion for summary judgment after the close of discovery; it had also set a demanding schedule for pretrial submissions by the parties — which not only required the parties to prepare and file their proposed JPTO by April 20, 2026, but also set deadlines for filing of all prospective motions *in limine*,

including but not limited to those related to expert witnesses. *See* Dkt. Orders dated Feb. 5, 2026 (setting JPTO and motions *in limine* deadlines for April 6, 2026 and May 6, 2026, respectively) and Apr. 1, 2026 (extending the JPTO deadline and the deadline for motions *in limine* to April 20, 2026, and May 20, 2026, respectively). Yet Plaintiff waited until one day *after* the proposed JPTO was filed to seek leave to amend her complaint, even though the new amendments to the VGMVPL had gone into effect four months earlier.

As Defendant notes in his opposition to Plaintiff's Rule 72(a) objections, granting Plaintiff leave to amend her complaint at this late stage of the litigation would, in turn, require the parties to expend considerable time and resources to prepare an entirely new JPTO. The newly added claim could also lead to renewed motion practice on the merits of that claim (long after this Court has already denied Defendant's motion for summary judgment) and/or additional motions in limine related to that claim, all of which would, in turn, delay a trial date. These are not inconsiderable burdens to impose on opposing counsel and on the Court. And Plaintiff has not shown good cause for doing so at this late juncture.

For the reasons outlined above, the Court finds no error — much less clear error — in Magistrate Judge Marutollo's May 29, 2026 Order. The Court therefore denies Plaintiff's Rule 72(a) objections and affirms the order denying Plaintiff's motion for leave to amend in its entirety.

**SO ORDERED.**

*/s/ Nina R. Morrison*
Nina R. Morrison
United States District Judge

Dated: September 3, 2026
Brooklyn, New York